UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN LA'VON GILES**,<br><br>Plaintiff,<br><br>vs.<br><br><br>**MERRICK GARLAND and CHRISTOPHER SZCZYGIEL,**<br>Defendants. | **2:24-CV-10332-TGB-PTM**<br><br><br>**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING AS MOOT OUTSTANDING MOTIONS**<br>**(ECF NOS. 9 & 10)** |

Kevin La'Von Giles is presently confined at the Sanilac County Jail, awaiting his federal criminal trial before this Court. In February 2022, a federal grand jury returned a superseding indictment charging him with two counts of sex trafficking of children, 18 U.S.C. § 1591(a); sex trafficking by force, fraud, or coercion, 18 U.S.C. § 1591(a); commission of a felony involving a minor by a registered sex offender, 18 U.S.C. § 2260A; and criminal forfeiture, 18 U.S.C. § 1594(d).

Though Giles is represented by an attorney in his criminal case, in January 2024, he filed the complaint in this case without the assistance of a lawyer. The complaint alleges that U.S. Attorney General Merrick Garland and F.B.I. Special Agent Christopher Szczygiel violated his constitutional rights during the investigation that led to the criminal charges that are currently pending against him. He seeks monetary, declaratory, and injunctive-type relief. For the reasons below, the Court will summarily dismiss the complaint without prejudice.

1

## I. LEGAL STANDARD

Giles has been allowed to proceed without prepaying filing fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). But under the Prison Litigation Reform Act of 1996, the Court is required to screen all complaints filed by prisoners and dismiss them if the Court determines that a complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(a) does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II. FACTUAL ALLEGATIONS

Giles's complaint concerns alleged constitutional violations relating to his pending criminal case. He says that Agent Szczygiel lied to the grand jury. He also says, that during a search of his home in May 2021, Agent Szczygiel tampered with evidence by taking Giles's cell phone and

placing a contact named "Big Poppa" in his call log.  He further alleges that Agent Szczygiel conspired with the prosecution to conceal evidence.

## III.  DISCUSSION

Giles seeks to proceed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is a judicially created remedy designed to provide individuals with a cause of action against federal officials who have a violated their constitutional rights. At a minimum, a plaintiff asserting a *Bivens* claim must establish that he was "deprived of rights secured by the Constitution or laws of the United States" and that "the defendants who allegedly deprived [him] of those rights acted under color of federal law." *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014). If a plaintiff can make this showing, the Court then engages in a two-step inquiry to determine whether to permit the proposed *Bivens* claim:

- *First,* the Court asks whether the case presents "a new *Bivens* context"—*i.e.*, whether it differs "meaningfully" from the three cases in which damages actions against federal officials have previously been recognized;

- *Second*, if the claim arises in a new context, the Court asks whether any "special factors" suggest that Congress is better equipped than the Judiciary to "weigh the costs and benefits of allowing the damages action to proceed."

*Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal quotations and citations omitted).

3

The three cases in which the Supreme Court has previously recognized a private right of action against federal officials for violations of constitutional rights involved: (1) an arrestee's claim that agents from the Federal Bureau of Narcotics violated his Fourth Amendment rights by entering his apartment and arresting him in front of his wife and children without a warrant or probable cause, *Bivens*, 403 U.S. at 389; (2) a former congressional staffer's claim that her employer violated her Fifth Amendment rights by discriminating against her on the basis of sex, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a federal prisoner's claim that his Eighth Amendment rights were violated when he was denied medical care, *Carlson v. Green*, 446 U.S. 14 (1980). What constitutes a "new context" for the purposes of *Bivens* is broad: "[T]he context is new if it differs in virtually any way from the *Bivens* trilogy." *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021).

Even if Giles could persuade the Court that his claims arise in an existing *Bivens* context, and even if he had included specific allegations about how the Attorney General was complicit in the violation of his constitutional rights, Giles's complaint must be dismissed: his proposed claims would interfere directly with his pending criminal prosecution. A criminal defendant cannot file a civil rights action to undermine or reverse decisions made in a pending criminal case or in an attempt to forum-shop for a new judge or defense counsel. Just as the Court would abstain from interfering in a pending state court criminal case if a state

pretrial detainee raised claims challenging those proceedings, *see Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a similar rule of abstention applies when federal pretrial detainees challenge ongoing federal criminal proceedings through civil actions. *United States v. Ragland*, No. 15-20800, 2017 WL 2728796, at \*2 (E.D. Mich. June 26, 2017) (collecting cases and observing that "[g]enerally, federal courts refuse to enjoin federal criminal prosecutions absent 'exceptional circumstances.'").

In this case, Giles seeks damages and an order enjoining his prosecution. The claims raised in this case would obviously interfere with the pending criminal action. Or, they may be an effort to obtain recusal of the undersigned and removal of his counsel. This is not a permissible use of the Court's time and resources. The claims of evidence concealment and fabrication raised here may be addressed in the course of his criminal pretrial proceedings and at his upcoming criminal trial. A parallel civil action may not be maintained merely to collaterally attack the pending criminal proceedings. *McChester v. Davis*, No. 21-11764, 2021 WL 4315808, at \*2 (E.D. Mich. Sept. 22, 2021).

## IV.   CONCLUSION

For the reasons above, Giles's complaint shall be **DISMISSED** for lack of jurisdiction, and his outstanding motions (ECF Nos. 9 & 10) will be **DENIED** as moot. The Court certifies that, under 28 U.S.C. § 1915(a)(3), an appeal from this decision would not be taken in good faith.

**IT IS SO ORDERED**, this 13th day of May, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge